Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

### for the

Middle District of Florida

Jacksonville Division



PROVIDED TO
SANTA ROSA CI ON
MAR 1 0 2023
FOR MAILING BY

DIONTE JERMAINE DAVIS

Plaintiff(s)

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

ASSISTANT WARDEN-TIFFANI S. KNOX,

STATE CLASSIFICATION OFFICER-C. RUSSELL, et al

Defendant(s)

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:23-cv-298-TJC-LLL

*(to be filled in by the Clerk's Office)*

▼▼ DEMAND FOR JURY TRIAL ▼▼

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA
2023 MAR 16 AM 11: 26
FILED

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Dionte Jermaine Davis |
| All other names by which you have been known: | Dionte J. Davis |
| ID Number | E28747 |
| Current Institution | Santa Rosa Correctional Institution |
| Address | 5850 East Milton Road |
| | Milton                Fla            32583 |
| | *City*          *State*          *Zip Code* |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | Tiffani S. Knox |
| Job or Title *(if known)* | Assistant Warden |
| Shield Number | |
| Employer | Florida Department of Corrections (FDOC) |
| Address | 501 South Calhoun Street |
| | Tallahassee          Fla          32399-2500 |
| | *City*          *State*          *Zip Code* |

☑ Individual capacity     ☑ Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | C. Russell |
| Job or Title *(if known)* | State Classification Officer |
| Shield Number | |
| Employer | Florida Department of Corrections (FDOC) |
| Address | 501 South Calhoun Street |
| | Tallahassee          Fla.          32399-2500 |
| | *City*          *State*          *Zip Code* |

☑ Individual capacity     ☑ Official capacity

See Attached Additional pages '2a' for defendants No. 5 - No. 19.

B. The Defendant No. 5

Name                          Richard J. Andrews
Job or Title (if Known)       Classification Supervisor
Shield Number
Employer                      Florida Department Of Corrections (FDOC)
                              501 South Calhoun Street
                              Tallahassee, Florida  32399-2500

          ☑ Individual Capacity   and   ☑ Official Capacity

Defendant No. 6

Name                          M.D. Mason
Job or Title (if Known)       Corrections Officer - Major
Shield Number
Employer                      Florida Department Of Corrections (FDOC)
                              501 South Calhoun Street
                              Tallahassee, Florida  32399-2500

          ☑ Individual Capacity   and   ☑ Official Capacity

Defendant No. 7

Name                          T. Grubbs
Job or Title (if Known)       Corrections Officer - Captain
Shield Number
Employer                      Florida Department Of Corrections (FDOC)
                              501 South Calhoun Street
                              Tallahassee, Florida  32399-2500

          ☑ Individual Capacity   and   ☑ Official Capacity

Defendant No. 8

Name                                    Jeffery Taylor
Job or Title (if known)      Corrections Officer - Lieutenant
Shield Number
Employer                      Florida Department Of Corrections (FDOC)
                              501 South Calhoun Street
                              Tallahassee, Florida   32399-2500

                ☑ Individual Capacity   and   Official Capacity

Defendant No. 9

Name                              C. Woods
Job or Title (if Known)      Corrections Officer - Sergeant
Shield Number
Employer                      Florida Department Of Corrections (FDOC)
                              501 South Calhoun Street
                              Tallahassee, Florida   32399-2500

                ☑ Individual Capacity   and   ☑ Official Capacity

Defendant No. 10

Name                              N. Mattox
Job or Title (if Known)      Corrections Officer
Shield Number
Employer                      Florida Department Of Florida (FDOC)
                              501 South Calhoun Street
                              Tallahassee, Florida   32399-2500

                ☑ Individual Capacity   and   ☑ Official Capacity

Defendant No. 11

Name                            McGraw
Job or Title (if Known)         Nurse
Shield Number
Employer                        Florida Department Of Corrections (FDOC)-
                                Union Correctional Institution - Medical Department
                                P.O. Box 1000
                                Raiford, Florida   32083

                    ☑ Individual Capacity  and  ☑ Official Capacity

Defendant No. 12

Name                            T. Lamb
Job or Title (if Known)         Warden
Shield Number
Employer                        Florida Department of Corrections (FDOC)
                                501 South Calhoun Street
                                Tallahassee, Florida   32399-2500

                    ☑ Individual Capacity  and  ☑ Official Capacity

Defendant No. 13

Name                            Charles Jefferson
Job or Title (if Known)         Classification Officer
Shield Number                   JC032
Employer                        Florida Department of Corrections (FDOC)
                                501 South Calhoun Street
                                Tallahassee, Florida   32399-2500

                    ☑ Individual Capacity  and  ☑ Official Capacity

Defendant No. 14

Name                            Scott W. Durborow
Job or Title (if Known)         Lieutenant
Shield Number                   DSW10
Employer                        Florida Department Of Corrections (FDOC)
                                501 South Calhoun Street
                                Tallahassee, Florida  32399-2500

                    ☑ Individual Capacity  and  ☑ Official Capacity

Defendant No. 15

Name                            A. Zimmer
Job or Title (if Known)         Corrections Officer
Shield Number
Employer                        Florida Department Of Corrections (FDOC)
                                501 South Calhoun Street
                                Tallahassee, Florida  32399-2500

                    ☑ Individual Capacity  and  ☑ Official Capacity

Department Defendant No. 16

Name                            B. JennKings
Job or Title (if Known)         Corrections Officer
Shield Number
Employer                        Florida Department Of Corrections (FDOC)
                                501 South Calhoun Street
                                Tallahassee, Florida  32399-2500

                    ☑ Individual Capacity  and  Official Capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

    Name                        Tyler Watson

    Job or Title *(if known)*   Administrative Lieutenant

    Shield Number         WATS T

    Employer             Florida Department Of Corrections (FDOC)

    Address              501 South Calhoun Street

                        Tallahassee        Fla      32399-2500

                            *City*         *State*      *Zip Code*

                      ☑ Individual capacity    ☑ Official capacity

Defendant No. 4

    Name                        D. Reed

    Job or Title *(if known)*   Corrections Officer- Cell Extraction Team Member

    Shield Number

    Employer             Florida Department of Corrections (FDOC)

    Address              501 South Calhoun Street

                        Tallahassee        Fla      32399- 2500

                            *City*         *State*      *Zip Code*

                      ☑ Individual capacity    ☑ Official capacity

## II.   **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim) See additional page '3a' for Supplemental Jurisdiction.

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    • Unconstitutional prison conditions, Unlawful excessive Use of force, supervisory liability, Failure to intervene, sexual abuse by prison staff, denial of medical care, and Falsified medical records – 8th Amendment violations;

    • Retaliatory acts for filing prison grievances, defamation; libel and slander – 1st Amendment Violations;

    • Denial of due process, malicious prosecution and abuse of process – 14th Amendment violations and;

    • State Tort Claims: Aggravated Assault, Aggravated Battery, Sexual misconduct, malicious prosecution, abuse of process, libel and slander, emotional distress (with weapons)

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Supplemental or Pendant Jurisdiction    page 3a.

II. Basis For Jurisdiction

1. This Court has 28 U.S.C. Section 1331(a) jurisdiction over the Federal Claims; and

2. The Court has Supplemental or pendant jurisdiction over the plaintiff's state tort law claims under 28 U.S.C. Section 1367.

Plaintiff's Tort Claims:

1. Malicious Prosecution
2. Abuse of Process
3. Aggravated Assault with weapons
4. Aggravated Battery with weapons
5. Emotional Distress
6. Defamation; libel and Slander
7. Sexual misconduct

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. *All named defendants are state employeed prison officers and prison staffs assigned to Union Correctional Institution — a state correctional facility acting under color of state law. Which all violated plaintiff constitutional rights under federal law. That resulted in injuries to the plaintiff.*

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☒  Convicted and sentenced state prisoner

☐  Convicted and sentenced federal prisoner

☐  Other *(explain)* _____

## IV.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.




B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.


*Union C.I. - CM Section, V-dormitory - V2 housing unit Cell V2216, On June 17, 2022.*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

On June 17, Friday 2022. Early morning hours of 6:00 am - 9:00 am

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* On June 17, 2022 Plaintiff was housed by himself without a Cellmate. He was fully Secured in Cell V2216 as a Close Management (CM 1) state prisoner. When he was not posting as a threat of immediate harm to himself or others, and he Complied with all officers orders, and not Creating any disturbances. When he was Subjected to retaliatory actions for Filing prison grievances about his prison Conditions. The plaintiff was also Subjected to unjustifiably and unlawfully uses of forces ... See additional pages 5a-5q.

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Three (3) head wounds Cuts, lacerations and abrasions big and Small. About 3 inches long. Swellings and Constant pain for 3 months.  Left side rib cage injured as a rib remain Permanently damage with on going pain and discomfort, Required medical attention but none was given.
Unlawful 72 hrs. property restrictions deprived of basic human needs. Mental distress: paranoia, anxiety, anguish, depression, humiliation increased by Chemical gases use on plaintiff unjustifiably and Unlawfully. Plaintiff received significant injuries as a direct result of... See additional pages 5e-5f.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Award actual damages and punitive damages on all state prison staffs. For their Sole role in the malicious conduct cause to inflict pain and harm on the plaintiff Unjustifiably and unlawfully.
issue injunction orders on all defendants to permanently to cease all unlawful actions on the plaintiff and other CM prisoners and order for all defendants
to be Fiffty-50-mile seperated from the plaintiff... See additional page 5p-5q.

Section IV(D) "Statement of Claim"                    page 5a.

## CONSTITUTIONAL VIOLATIONS

1. On Friday, June 17, 2022 while assigned to Union Correctional Institution (U.C.I.). A State Correctional facility. P.O. Box 1000, Raiford, Florida 32083. Housed in the Close Management (Cm) Confinement housing Unit of Cell V2216 with no Cellmate.

2. Between the early morning hours of 6 am - 9am. The following named state prison officials entered the housing unit of V-2 : Tiffani S. Knox· assistant warden, C. Russell· State Classification Officer, Richard J. Andrews- Classification Supervisor, and R.M. Mason· Corrections Officer-Major.

3. Assembled at the entrance/exit door the Union C.I., top-level prison administrators briefly waited and Conversed among themselves. When they noticed upstairs that the plaintiff. Had two prison administrative grievances showing out the cell door as allowed by facility's rule in order for Confined Cm prisoners to have their prison grievances Collected and despoited into a lock box by a prison staff.members.

4. Upon witnessing the events Some of the prison staffs then in Conspiratorial gestures, Some pointed their fingers at the plaintiff in the direction of his assigned Cell V2216. "Announcing loudly that he's filing grievances again. : Under Florida Department of Corrections (FDOC) rules and regulations. V·2 housing Unit were the plaintiff is housed during all relevant times described in this federal Complaint all the activities were captured, recorded and witnessed by V·2 housing unit multiple video cameras, multiple audio recordings and other prisoners housed within the Unit as well.

Page 5 b.

5. Shortly, therefore in full complaince with the prison rules the plaintiff was not causing any disruptions, distrubances or otherwise not violating any prison rules or orders.

6. Appearing at plaintiff's cell front administrative lieutenant Tyler Watson Unjustly and unlawfully ordered plaintiff "to get ready", "you know what's coming. He stated maliciously.

7. Remaining in obedience to the rules and not creating a security issue. Plaintiff remained cool, clam and in control. Knowing of past-time unjustified, unlawful, customs and practices on other Cm prisoners that these prison officials invented unlawful excessive uses of forces against Cm prisoners at this facility. Which has been done in the past and the facility has a history or pattern of it, with the knowledge of the administration to carry it out.

8. Moments later a use of force hand-held video camera operator (formly ranked Corrections Officer, C. Woods - Now Sergeant C. Woods) arrived on the scene and position himself several feet in front of the plaintiff cell door. To record and witness the following events of the unjustified and unlawful use of excessive physical force. In disguise as an organize use of force on June 17, 2022.

9. Administrative lieutenant Jeffery Taylor, appeared and quickly left after stopping and seeing that the plaintiff was minding his own business creating no problems as the two briefly talked.

## Use Of Force By Chemical Agents

10. Administrative lieutenant Tyler Watson reappeared and finally addressing the camera stating that he just gotten off the phone with assistant warden Knox who authorized for the plaintiff to be placed on 72 hour property restriction. In which all items in the cell taken, and removed

page 5C.

and the boxers shorts were the only item plaintiff was left with. Warning Chemical agents will be used if failure to comply.

11. Without clearance from medical/mental health staffs who reviewed an prisoner's medical/mental health records. Knowing plaintiff has an acute mental illnesses or should have known.

12. Then L.t. T. Watson ordered plaintiff to an unlawful strip-search and to submit to handcuffs, in which the plaintiff clearly stated that he would comply. During the unlawful strip-search process plaintiff showed and held up his clothing capturing on the use of force video camera as L.t. Watson intentionally lied to the camera and other prison staff witnesses that plaintiff is refusing all orders. Maliciously and sadistically to cause plaintiff pain and harm.

13. By L.t. Watson deceitfulness and by this custom or practices L.t. Watson gradually increased the stages of the force to be used on the plaintiff's clearly complying efforts.

14. Circulation fans and plaintiff's cell water system on the Cm unit V-2 were shut-off before chemical agents used on the plaintiff.

15. In progressing the use of force a chain was wrapped around the cell door and chemical agents (pepper spray and tear gases) used on the plaintiff repeatedly without justification and unlawfully by L.t. J. Taylor multiple times from a large pepper spray and tear gases canister.

16. The exposure to multiple uses of chemical agents cause extreme physical injury to the plaintiff. The multiple usage of chemical agents pepper spray and tear gases cause intense physcial pain to the plaintiff : A burning sensation to his body, involuntary closing of the eyes, gagging, paralysis of the larynx, disorientation, anxiety and panic.

*page 5d.*

17. Administrative Captain T. Grubbs approved and asked the plaintiff if he will Submit to handcuffs. The plaintiff again stated clearly that he is willing to Cuff Up. However, the prison officers repeated the same practice as before and Chemical gases were applied despite plaintiff Compliance.

## Staff Sexual Misconduct

18. Corrections Officer, N. Mattox approached the Cell order plaintiff to be Strip-Searched plaintiff Complied. Plaintiff removed all articles of state issused Clothing one by one as ordered by officer N. Mattox. Displaying all Clothing to the Cell window visually for the prison officers to See and recorded by the video camera recording the entire incident.

19. Officer N. Mattox then ordered for the plaintiff to repeat this process a few more times unreasonably. He ordered plaintiff to lift private parts and then spread his buttocks, and then insert fingers to spread open his mouth and show the bottom of each foot.

20. No Contraband was uncovered, discovered or found. Officer Mattox then mislead purposely L.t. Watson and other prison officers and stated that the plaintiff refused to comply with Strip-Search procedures. Although plaintiff willfully Complied.

21. Plaintiff avert that Corrections officer N. Mattox did not use any physcial force. Plaintiff does however, states that officer N. Mattox abused his position of authority by Converting a strip-Search into a humiliating and an abusive Sexual abuse act, or staff Sexual misconduct, or least an voyeuristic in nature act that is unrelated to official duties.

## Unlawfully Use Of Force By Use Of Dangerous Weapons; Violent Beatings

*page 5e.*

22. Moments thereafter, the following five (5) named Corrections officers, Cell extraction
    team members :   1. Corrections Officer, A. Zimmer
                     2. Corrections Officer, B. Jennkings
                     3. Corrections Officer, D. Reed
                     4. Corrections Officer, D. Grey
                     5. Corrections Officer, K. Wilkinson
    including Lt. Watson entered the Cell, the plaintiff lying on the Cell floor in
    a stretch out position with both hands on his head submissively.
    When Corrections officers handcuffed him. Without warning Lt. Watson kicked
    plaintiff directly in the left side ribs with his work boots. Causing
    sharp pain and damages to his ribs, which still protrude against the
    plaintiff skin. Then officers with closed fists used handcuffs and leg
    irons as brass knuckles; a dangerous weapon to punch and strike blows
    repeatedly to the plaintiff head until they drew blood.

23. Remove from the upstairs Cell V2216 and escorted to the downstairs
    Shower #2221 for decontamination. Then plaintiff was given a large
    white towel to dry off. When the towel became blood stained red
    from the blood flowing from head wounds of the plaintiff's inflicted
    by prison officers. As a group of prison officers stood by, and the
    use of force video Camera position directly in front of this shower
    recording it all.

24. Plaintiff asserts that on many occaisons he witnessed many times other
    Cm prisoners were subjected to these same "maliciously and sadistic"
    violent beatings to cause harm that ranges from minor infraction
    in violation of the Department's own rules and regulations to falsely
    been arcussed. These Corrections officers knew that forcing these
    unlawful uses of forces on Cm prisoners violated the law.

25. Plaintiff asserts that prison officials "Knew of this authority abuse
    and refused to correct it". Union Correctional Institution have a
    history of forcing an incident on a Cm prisoner, aka "running the
    team". The five member Cell extraction team

Who spill prisoner's blood from their heads, faces, or other body wounds by the cell extraction teams that unlawfully uses handcuffs and leg shackles closed in fists to strike blows to the prisoner's head as a weapon with the intent to cause injury. Despite recording video camera, other prison officials on the scene witnessing these incidents. A Code of silent is rendered.

26. Plaintiff Contends that Union C.I.'s administration "willfully allowed these abuses to take place, as added punishments". Specifically defendant assisant warden Knox "Knew of this practice and failed to Correct It".

27. Plaintiff further alleged that the "unconstitutional rule violation was consistently and reguarly, applied by Cm Correctional Staffs, at the directions of the administration. There remains a pattern, custom, and practice of misusing the rule, pursuant to a policy, to intentionally abuse the plaintiff and other Cm prisoners, and disregarded their rights to be free from Cruel and Unusual Punishments.

28. Assisant Warden Tiffani S. Knox, specifically directed Union C.I., officers to "run the them" Knowing that this policy violates prisoner's Eighth Amendment rights.

## Denial Of Medical Care

29. Removed from the Shower to medical and while in the medical nurse station of Y.dormitory. Nurse McGraw inadequately assessed or examed the extent of plaintiff injuries. Renderings in no medical treatment at all to plaintiff's obvious injuries. Plaintiff received no bandages or pain medications. For the pain he was in as explained to the nurse.

Unconstitutional Property Restriction

30. Escorted back to the same cell V2216. Plaintiff discovered that all his personal property and state property was removed. The only item plaintiff had was the boxers shorts he had on.

31. Rendering this 72 hour property restriction unconstitutional and deprived the plaintiff of the basic human needs including the deprivation of pain medication.

32. Plaintiff was not placed on strip as a legitimate means to maintain security or order, but was falsely accussed of. "Maliciously and Sadistically". to cause him harm.

33. While on strip plaintiff was deprived of all clothing, but "his boxer-shorts" plaintiff had no mattress, bedding, linen, toilet tissue, soap, clothing, deodorant, toothpaste and toothbrush.

34. Plaintiff legal work was taken, his pain medication was taken, he was subject to "Freezing Cold" temperatures, he was given no protection from the cold cell, and he was subjected to having bright lights left on more than twenty hours each day.

35. Plaintiff was placed "on 72 hour strip as an added punishment stemming from filing prison grievances, out of retaliations". Plaintiff filed grievances on the issue which informed prison officials of the "wrongful usage of the 72 hour property restriction scheme".

36. Plaintiff assert that prison staffs at Union Correctional Institution "has a history of placing inmates illegally on 72 hr. property restrictions" and that this abuse was willingly and knowingly allowed to continue "as added punishment"

page 5h.

37. Plaintiff asserts that specifically defendants Knox and other high-level state prison administrators knew of this matter and failed to correct it.

38. Plaintiff states that the "Unconstitutional rule violation was consistently and regularly" carried out by staffs, presumably at the direction of the administration.

39. Plaintiff specifically contends that defendant assistant warden Knox directed staff to place plaintiff "On 72 hours strip", intentionally, to deprive him of his basic human needs, Knowing it violates the law.

40. Plaintiff avert that there is a pattern and practice of misusing the rule, pursuant to a unwritten policy, to intentionally deprive plaintiff and other CM prisoners of their basic human needs, Knowing that the policy violated prisoner's Fourth and Eighth Amendment rights.

## Malicious Prosecution / Abuse Of Process

41. Based on the above described events listed herein this federal complaint. Two disciplinary reports (dr's) written by lieutenant T. Watson charging plaintiff with disobeying order based on the entire incident to justify the unlawful force used on June 17, 2022.

42. First, charging dr see- log number: 213-220812, title: disobeying order Statement of Facts:
At approximately 0748 hours, On June 17, 2022. While assigned as U-dorm administrative lieutenant, I was present in V-dorm, Quad 2, Cell front of V22161, which houses inmate Davis, Dionte DC# E28747, at which time I issued a final order to inmate Davis to submit to restraint procedures for the purpose of 72 hour property restriction. I then advised inmate Davis that Chemical agents would be utilized if he failed to comply with my orders. Inmate Davis still refused. An authorized use of Chemical agents resulted from this incident

page 5i.

Davis is in Violation of F.A.C. Chapter 33-601.314 Rules of Prohibited Conduct Code :(6-1) disobeying a verbal or written order - any order given to an inmate or inmates by a staff member or other authorized person. Inmate Davis will remain on Cm status at this time.

43. Second, charing disciplinary report log number : 213-220813, title : disobeying order. Statment of Facts :
At approximately 0835 hours, On June 17, 2022. While assigned as U-dorm administrative lieutenant, I present in V-dorm, Quad 2, Cell front of V2216L, Which houses inmate Davis, Dionte at which time I issued a final order to inmate Davis to submit to restraint procedures. I then advised inmate Davis that a forced cell extraction team would enter the cell if he failed to comply with my order. Inmate Davis still refused. An authorized forced cell extraction occurred as a result of this incident. Inmate Davis is in violation of F.A.C. Chapter 33-601.314 rules of prohibited Conduct Code (6-1) disobeying a verbal or written order - any order given to an inmate or inmates by a staff member or other authorized person. Inmate Davis will remain on Cm status at this time.

44. Both dr's were delivered to the plaintiff on June 21, 2022 notifying him of the charges.

45. On June 21, 2022 a Correctional officer assigned to Conduct an impartial investigation into the dr's. Allowed the plaintiff to partake in the dr investigation. Permitting the plaintiff to write and sign names of witnesses on, DC6-112B - Witness Statement form, and DC6-151, Documentary or Physcial Evidence Disposition form, etc.

46. On June 24, 2022, the plaintiff received two dr hearings before defendants Charles Jefferson and Scott W. Durborow. At 9:40 am and at 9:50 am, the plaintiff present before the dr hearings for dr's See log #'s 213-220812 and 213-220813 Disobeying order

page 5j.

based on the June 17, 2022 incident. The plaintiff plea not guilty.
Basis for decision as follows: The hearing team based it guilty findings
on the direct observation and written statement of officer Watson,
who ordered the subject to submit to restraint procedures to no avil.
All attachments were viewed and considered by the team. "Based
upon review of the identified tape or the capabilities of the particular
taping equipment the tape requested does not provided evidence to
support the inmate's statement".

47. The plaintiff was find guilty based on officer L.t. watson statement.
Sentenced to 15 days disciplinary confinement, loss of priliveges and
served basis for plaintiff to prolong cm confinement, and other future
implications.

48. The result to both a partial dr investigation and a partial dr hearing
where it has inherit authority to further an investigation. That process
were denied or not granted, upon plaintiff request before the dr.hearings.

49. Pursuant to prison procedure, the plaintiff filed an administrative
appeal with defendant T.Lamb, pointing out that none of his witnes(es)
had been called, that there was no evidence supporting the charges
of disobeying orders, and that the written disposition did not explain
the reasons for the finding of guilt.

50. Defendant T.Lamb denied the plaintiff's properly filed appeals.

Defamation; Libel and Slander

51. Plaintiff is assigned to Cm 1 for unrelated use of force incident.
However, based on the June 17, 2022 incident described herein this
complaint based on the two guilty findings of the di's. The
followings was use to continue the plaintiff on Cm 1.

page 5K.

52. Plaintiff E28747 Davis remain In Cm1 Status due to his initial Security Concerns Warranting Cm placement and for two new rule violations this review period : (6-1)(2x) disobeying order, thus clearly showing poor adjustment. Due to Seriousness of the Security and public safety Concerns Surrounding the original placement and ongoing negative behaviors to include an MRV, Cm1 Status is warranted to most effectively manage this inmate's behavior.

53. Based on this inaccuracy and mistaken or incorrectness of the defendants written and published disposition and other publications that caused injury to the plaintiff to remain on cm1 based on the abuse of process and malicious prosecution he received by the state prison officials at Union C.I.

54. State Classification Officer, C. Russell is the final authority for any decision of the plaintiff Cm Status. Based on the guilty findings, the use of force incident, and the initial on May 23, 2021 where prison officers alleges that the plaintiff struck an officer in the chest with his foot and kneed a officer in his ribs. Chemical agents were used to bring him into Compliance.

## LEGAL CLAIMS

55. Defendants Watson and Taylor, Used Unjustified and unlawful excessive force against plaintiff by been Sprayed repeatedly by the Corrections officers with Chemical agents in the face and body when plaintiff was not violating any prison rule, and was not acting disruptively or causing disturbances in the cell on the CM unit at Union c.I. Defendants' J. Taylor and T. Watson's action violated plaintiff's right under the Eighth Amendment to the United States Constitution, and caused plaintiff pain, suffering, physcial injury and emotional distress. The Unjustified and unlawful use of force were done maliciously and sadistically to cause harm and Constituted Cruel and unusual punishment.

56. By the threatening and retaliating against plaintiff for exercise of his right to seek redress from the prison through use of the prison grievance system, defendants Knox, Russell, Mason, Andrews and Watson is retaliating against the plaintiff unlawfully in violation of the plaintiff's right under the First Amendment to the United States Constitution. These illegal and unlawful actions caused plaintiff injury to this First Amendment rights.

57. Defendants T. Watson, A. Zimmer, B. JennKings, D. REED, D. Grey, and K. Wilkinson uses and continues to use unjustified and unlawful physcial force on the plaintiff by punching and striking him in the head with weapons while restrained and Kicking him repeatedly when plaintiff was not violating any prison rule, nor resisting, provoking or threatening, nor acting disruptively in any way. Defendants T. Watson, A. Zimmer, B. JennKings, D. REED, D. Grey and K. Wilkinson's actions violated and continues to violates plaintiff's rights under the Eighth Amendment to the United States Constitution, and is causing plaintiff, pain, suffering, physcial injury and emotional distress. The Unjustified and unlawful use of force were done maliciously and sadistically to cause harm and constitutes Cruel and Unusual punishments.

58. The actions of defendants T. Watson, J. Taylor, A. Zimmer, B. JennKings, D. REED, D. Grey and K. Wilkinson's in using unjustified and unlawful excessive physcial force on the plaintiff without need, or provocation while restrained and the plaintiff not breaking, violating any prison rules, contitutes the tort of aggravated battery under law of Florida.

59. Defendant N. Mattox conducted an unjustified and unlawful strip search cavity search did not uncover any contrabond abuse his authority by coverting a strip search into humiliating matter that constituted in staff sexual misconduct, that is unrelated to official duties. The unjustified and unlawful use of force were done maliciously and sadistically or otherwise engaged in sexual conduct for the officer's own gratification,

60. Or for the purpose of humiliating, degrading, or demeaning the plaintiff. Constituted Cruel and Unusual punishment to the United States Constitution's Eighth Amendment Clause.

61. The actions of the defendants T. Knox, C. Russell, M.D. Mason, R.J. Andrews, T. Grubbs, C. Woods, N. Mattox and J. Taylor by standing by watching officer T. Watson, A. Zimmer, B. JennkingZ, D. Grey and K. Wilkinson unlawful actions against the plaintiff, in failing to Intervene to stop the misconduct, thus encouraging the Constitution of this Unlawful force. Defendants T. Knox, C. Russell, M.D. Mason, R.J. Andrews, T. Grubbs, C. Woods and N. Mattox inactions violated Plaintiff rights as it was done maliciously and Sadistically and Constituted Cruel and Unusual punishment in violating of the Eighth Amendment to the United States Constitution.

62. The Failure of defendant McGraw to provide for plaintiff's injuries and treatment from the unjusted and unlawcl excessive physcial force incident, and accurately document plaintiff's visible injuries, Constitutes deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

63. The actions of defendants T. Knox, M.D. Mason, R.J. Andrews, T. Grubbs, having Supervisory Control over Corrections officers: T. Watson, J. Taylor, N. Mattox, C. Woods, A. Zimmer, B. Jennkings, D. REED, D. Grey and K. Wilkinson the defendants: T. Knox, C. Russell, M.D. Mason, R.J. Andrews, and T. Grubbs were participants and directed orders to Commence the unjustified and unlawful use of force that Constitute deliberate indifference to Plaintiff's Constitutional rights, after the responsible

Page 5n.

Supervious were put on notice of the need to correct the deprivation and failed to do so. It could be also demonstrated by facts which supports an inference that the Supervisors directed their subordinates would act unlawfully and failed to stop them from doing so.

64. Defendants T. Knox and T. Watson actions to place the plaintiff on 72 hours property restriction for been falsely accused of minor infractions. The defendants knew that the 72 hour property restriction were illegal. The defendants willingly and knowingly allowed this abuse to take place as added punishment. Defendant assistant Warden Tiffani S. Knox directed defendant L.t. Tyler Watson to place the plaintiff on 72 hours strip, depriving him of basic human needs for falsely accused minor rule violations, knowing that this policy, violated prisoners Fourth and Eighth Amendment rights. The plaintiff further states that the "Unconstitutional" rule violations" is consistently and regularly, applied by CM Correctional staff, directions of the administration, and furthermore, states that there is a pattern and practice or Custome of misusing the rule, pursuant to the policy, to intentionally deprive plaintiff and others of basic human needs.

65. The actions of defendants C. Jefferson and S. Duroborow in refusing to further investigate the incident further upon arousing suspicion; questionable reasons of the video cameras accurancy and relied on inadequate written disposition of the infractions of the incident requested by the plaintiff finding him guilty of disobeying orders, denied the plaintiff due process of law in violation of the Fourthteenth Amendment to the United States Constitution.

Page 50.

66. The inactions of defendants C. Jefferson and S. Durborow in refusing to further investigate questionable concerns of the two dr investigations of the June 17, 2022 unlawful use of force incidents and provided an inadequate written dispositions of the dr investigations finding plaintiff guilty based on officer statements, constituted torts of malicious prosecution and abuse of process under Florida law.

67. The actions of defendants C. Jefferson, S. Durborow, C. Russell and T. Lamb in upholding the guilty verdict against the plaintiff and relied on incorrect written false statements, disinformation, and provided inadequate written dispositions of the charges and upholding the dr hearing decisions, constituted Defamation; libel and slander oral and written false statements about the plaintiff the injuried the plaintiff reputation affecting his reputation, the false statements made by the defendants was made with actual malice with reckless disreguard of whether it was false or not, in violation to the First Amendment to the United States Constitution.

68. Defendants Knox, Watson, Zimmer, JennKings, Mason, Taylor, Grey, Wilkinson, Reed, Andrews, McGraw, Russell, Lamb, Grubbs, Mattox, and Woods violated the plaintiff right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution. When all defendants subjected the plaintiff to unlawful beatings, illegal property restriction and denial of medical care for obvious injuries. The defendants has a history and promotes unwritten policies and customes to permit these actions of abuses with the knowledge that it is violation against the Eighth Amendment to the United States.

*Page 5 p.*

69. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs detailed herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this Court grants the injunctive relief which plaintiff seeks.

## CLAIMS FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this Court enter an order to:

Issuing declaratory relief, declaring that the acts and omissions of the defendants have violated Plaintiff's rights, and stating the defendants' duties with respect to those rights.

Issuing injunctive relief, commanding the defendants to (1) abolish the unlawful use of force cell extraction team techniques used on the plaintiff and on other Cm prisoners assaulting and physically beating on the prisoners with dangerous weapons (e.g. handcuffs, leg irons. secured in closed fists, work boots, etc.). (2) eliminate the unlawful use of placing plaintiff and other Cm prisoners on 72 property restrictions, depriving them of the most basic human necessities: food, clothing, shelter, sanitation, medical care, and personal safety or personal property. (3) Arrange for the use of force video camera to record the innermost or interior cell and areas of the moments when the force is applied capturing the identified prisoners and the condition the prisoner is in during the use of force incidents, (4) Arrange for the plaintiff and the named defendants to stay seperated from each other indefinitely and permanently. and (5) enforce or compel this order with out delay. (6) A complete reform to FDOC use of force and property restriction policies.

Page 59.

Awarding Plaintiff Compensatory damages for the unjustified and unlawful use of force, and prison conditions and the consequential pain and suffering, in an amount as yet to be deduced from the evidence, but in no event in an amount less than $One Million Dollars, $1,000,000.00.; and

Award punitive damages in the following amount of $900,000.00, Nine Hundred Thousands.

Any other relief this Court may deem just and proper,

Trial by jury is hereby demanded on all claims alleged herein, and the parties are hereby given notice, pursuant to Fed. R. Civ. P. 38 (a)-(c).

Plaintiff also seek full recovery of all actual costs and fees of this Civil action and full costs of this Civil litigation by the defendants.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

VII.   **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Union Correctional Institution (Union C.I.) or (UCI.)

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.  If you did file a grievance:

1.  Where did you file the grievance?

Union Correctional Institution   While remaining in the same cell V2316

2.  What did you claim in your grievance?

Constitutional violations, State law violations and prison rules violations.

3.  What was the result, if any?

Denials

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

All Steps Completed from informal, formal and appeal. Properly exhausting the prison grievance process.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

Plaintiff received obvious clear physical threats of harm by some prison staffs. For reporting the abuse and sexual acts. Some prison grievances never returned at all. In addition, to denials of issues rised in the prison grievances relating to this incident.

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any: Captains, lieutentants, Classification officers, mental health staffs, medical staffs, State attorney office 8th Judicial Circuit, and family members who filed an online FDOC complaint. The warden, assistant warden, and Tampa, Fl FDLE office.

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

A complete review of FDOC's grievance log. Concerning the unlawful force(s).

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☑ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*
                                                                        *See Additional page 10a.*

1.    Parties to the previous lawsuit

      Plaintiff(s)    *Dionte Jermaine Davis*

      Defendant(s)    *Corrections Officer, Anthony B. Hurd, et al.*

2.    Court *(if federal court, name the district; if state court, name the county and State)*

      *United States District Court - Middle District of Florida - Orlando Division*

3.    Docket or index number
      *6:21-CV-01737-RBD-LHP*

4.    Name of Judge assigned to your case
      *Leslie Hoffman Price    U.S. Magistrate Judge*

5.    Approximate date of filing lawsuit
      *2022 January 10    Pm 3:03*

6.    Is the case still pending?

      ☑ Yes

      ☐ No

      If no, give the approximate date of disposition    _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

VIII. Previous Lawsuits   C.        page 10a.

Plaintiff is unsure of any prior factual information relating to such lawsuits. Below are the only information he has about all lawsuits filed previously.

1. Davis v. Corrections Officer, Rodriguez et al, 6:21-CV-00156-GKS-DCI. Dismissed without prejudice for minor violation.

2. Davis v. Corrections Officer, Chitwood et al, 3:18-CV-834-J-32PDB. Cased dismissed for failure to properly exhaust administrative remedies.

3. Davis v. Jose Colon, et al, 1:20-CV-23668-DPG case pending.

4. Davis v. Dieudonne, et al, 1:17-CV-23517-UU. cased settled out-of-Court.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**IX.    Certification and Closing**  *See Additional Page 11a. For Verification*

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    March 10, 2023

Signature of Plaintiff    *Dionte Jermaine Davis*
Printed Name of Plaintiff    Dionte  Jermaine Davis
Prison Identification #    E28747
Prison Address    Santa Rosa Correctional Institution (SRA C.I.)
                  Milton                         Fl        32583
                        City              State      Zip Code

**B.    For Attorneys**

Date of signing:    _____

Signature of Attorney    _____
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____
Address    _____
                        City              State      Zip Code
Telephone Number    _____
E-mail Address    _____

page 11a.

PROVIDED TO
SANTA ROSA CI CH

MAR 1 0 2023

FOR MAILING BY

## VERIFICATION COMPLAINT

Pursuant to 28 U.S.C. Section 1746, I DIONTE JERMAINE DAVIS, declares and verify, under penalty of perjury under the laws of the United States of America, that I, Dionte Jermaine Davis, have read the foregoing and that it is true and correct.

Respectfully Submitted,

Dionte Jermaine Davis, DC# E28747
Dionte Jermaine Davis
Santa Rosa C.I.
5850 E. milton Road
Milton, Florida 32583

Executed on this March 10, 2023.